# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BULLINGTON,<br><br>　　　　　Plaintiff,<br>vs.<br><br>NANCY BERRYHILL, Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 11cv2459-LAB (JMA)<br><br>**ORDER AWARDING ATTORNEY'S FEES FOLLOWING REMAND** |

Following remand, Plaintiff was awarded substantial retroactive Benefits. Plaintiff's counsel, Laura Krank, then filed a motion for an additional fee award under their contingency contract. (Docket no. 31). She then filed an amended motion seeking additional fees. (Docket no. 33.) The earlier motion is **DEEMED WITHDRAWN**, and the Court will rule on the motion as amended. The joint motion for judgment (Docket no. 35) is **DENIED AS MOOT**.

The motion seeks $18,124.48 in fees with a credit to Bullington for the $4,300 in Equal Access to Justice Act (EAJA) fees previously that were previously paid. Bullington was given notice and did not object, and the government likewise does not oppose the award.

/ / /

Awards of attorney's fees for these Social Security claims are governed by 42 U.S.C. § 406(b), which allows for contingency fees to be paid out of the plaintiff's past due benefits, but only up to 25 percent of that amount. The Supreme Court held in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) that the Court should consider the character of the representation and the results achieved in determining what amount to award to attorneys. The Court further held that district courts should look first to the contingency agreement, and (provided that there is no evidence of unfairness in the agreement) only reduce from the amount agreed to when the character of the representation and the results achieved did not warrant that amount in fees. *Id.* at 791. Finally, the Court held that the EAJA award should then be refunded to the plaintiff out of the contingency award, up to 100 percent of the original past-due benefits. *Id*. at 796.

The Ninth Circuit has held that the "lodestar" method (computing a reasonable hourly rate and multiplying by hours spent in representation) should only be used as an aid to determine what amount is reasonable, and considered hourly rates of $519, $875, and $902 reasonable rates. *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). *Crawford* disapproved a fee reduction based on a lodestone calculation. *Id*. at 1151.

This District's cases have found similar amounts reasonable, especially when the requested attorney's fees are less than the 25 percent amounts available under the law. *See* Richardson v. Colvin, 2017 WL 1683062 (S.D. Cal. 2017) (awarding an hourly rate of $770); *Macewen v. Colvin*, 2016 WL 6082308 (S.D. Cal. 2016) (awarding an hourly rate of $620); *Sproul v. Astrue*, 2013 WL 394056 (S.D. Cal. 2013) (awarding an hourly rate of "just under $800")*.*

Krank obtained an award for past-due benefits equaling $100,496.00. Krank's agreement with Bullington provided that Krank would receive 25 percent of the total award as a contingency fee. In her motion, Krank requests $18,124.18, which would amount to roughly 18 percent of the total award. Krank and her paralegal recorded a total of 21.4 hours (enumerated in Exhibit 5), of which none appear to be unnecessarily duplicative. Granting that award would reflect an effective hourly rate of roughly $847. Although this rate is

somewhat high, there is no claim of an unfair agreement. Krank represented her client effectively and without undue delay, and obtained good results in spite of opposition. Furthermore, Krank requests less than the full amount available to her under the law, and the effective hourly rate that the award would yield is within the range contemplated in *Crawford*.

The motion (Docket no. 33) is **GRANTED**. The Court awards $18,124.18 in attorney's fees, and the Commissioner shall certify this fee payable to Law Offices of Rohlfing & Kalagian, LLP. Out of this award, Krank is to reimburse Bullington $4,300 for the EAJA fees previously paid.

**IT IS SO ORDERED**.

DATED: June 18, 2018

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge